UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| TIMOTHY NELSON, | ) | |
| --- | --- | --- |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:09CV1711 MLM |
| | ) | |
| GARY STOLZER, | ) | |
| | ) | |
| Respondent. | ) | |

# **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] Petitioner, a pretrial detainee in a proceeding to determine whether he should be confined as a sexually violent predator, argues that he should be released from his confinement because the "psychologist" who conducted his end of confinement evaluation did not possess a valid Missouri license. For the following reasons, the petition will be summarily dismissed.

---

[1]Petitioner has also indicated that he is bringing the present action under 28 U.S.C. § 2254. Because § 2254 only provides a remedy to persons in custody "pursuant to the judgment of a State court," and petitioner is a pretrial detainee in a proceeding to determine whether he should be confined as a sexually violent predator, petitioner's action is more properly brought under 28 U.S.C. § 2241.

## Legal Standard

Under 28 U.S.C. § 2241(c)(3), the federal courts have jurisdiction over pretrial habeas petitions. *Neville v. Cavanagh*, 611 F.2d 673, 675 (7th Cir.1979). "Despite the existence of jurisdiction, however, federal courts are reluctant to grant pre-trial habeas relief." *Id.* Only when "special circumstances" exist will a federal court find that a pretrial detainee has exhausted state remedies. *Id.* "In most cases courts will not consider claims that can be raised at trial and in subsequent state proceeding." *Blanck v. Waukesha County*, 48 F. Supp. 2d 859, 860 (D. Wis. 1999). Courts have found that "special circumstances" existed where double jeopardy was at issue or where a speedy trial claim was raised. *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 488 (1973) (speedy trial); *Blanck*, 48 F. Supp. 2d at 860 (double jeopardy).

## The Petition

Petitioner is a civil detainee at the Ste. Genevieve County Detention Center. Plaintiff alleges that in 2004 he was nearing the end of his prison term for sexual assault. At that time, plaintiff was informed that he would receive an end of confinement evaluation pursuant to the Sexually Violent Predator Act, Mo. Rev. Stat. §§ 632.480 - 632.513 (the "Act"). Plaintiff claims that David Suire, Clinical Director for the Missouri Sexual Offender Program, introduced himself to plaintiff, told plaintiff he was an accredited psychologist, and informed plaintiff that he would be conducting

an end of confinement evaluation.[2] Plaintiff alleges that defendant conducted the end of confinement evaluation and found that plaintiff met the definition of sexually violent predator ("SVP") under the Act. Plaintiff says that defendant did not meet the definition of "psychologist" under the Act because he did not possess a valid Missouri license when he conducted the end of confinement evaluation. Plaintiff claims that defendant did not receive a Missouri license until May 2005. Plaintiff argues that because defendant was not properly licensed, his end of confinement report was invalid. Plaintiff further argues that the statutory requirements of Mo. Rev. Stat. § 632.484 were, therefore, not met. Plaintiff lastly argues that if the statutory requirements of § 632.484 were not met, then there is no basis for his current confinement.

Plaintiff alleges that he has not yet been found by a state court to be a sexually violent predator; he is currently awaiting trial on the issue.

## Discussion

The grounds raised by petitioner do not constitute the "special circumstances" required for a finding that he has exhausted his available state remedies. Simply, the

---

[2]The authority to conduct an end of confinement evaluation is found in Mo.Rev.Stat. § 632.484.

claims raised by petitioner can be adequately raised at trial and in subsequent state proceedings. As a result, the Court will deny the petition.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 is **DENIED**.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

A separate Judgment shall accompany this Memorandum and Order.

Dated this 10th day of November, 2009.

*[signature: Henry Edward Autrey]*

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE